UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BARNEY WILLIS,   Plaintiff, | )<br>)<br>) |
| vs. | )     No. 20-4074<br>) |
| CHRISTINE BRANNON, et. al.,   Defendants. | )<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Warden Christine Brannon, Acting Warding Robert Hamilton, and Lieutenant Keith Wolfe violated his constitutional rights at East Moline Correctional Center. Plaintiff says on June 11, 2019, he was getting a lunch tray when Defendant Wolfe began striking him across his back from his right arm to his left shoulder. When Plaintiff accused the officer of assaulting him, the Defendant said "take it up with someone who cares." (Comp., p. 5).

Plaintiff does not identify any specific injuries, but Plaintiff does state he was admitted to the Health Care Unit for overnight observation and remained for two nights.

Plaintiff spoke with an Internal Affairs officer who confirmed there was a video recording of the assault.

Plaintiff is asking for Defendant Wolfe to be removed from his job and ordered to take anger management classes.

The Plaintiff has alleged Defendant Wolfe violated his constitutional rights when the Defendant used excessive force on June 11, 2019. However, Plaintiff has only identified the Wardens in the list of Defendants. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Consequently, Plaintiff does not explain how either Defendant Brannon or Hamilton are involved in his claims, and the mere fact that an individual was a supervisor is insufficient to establish liability. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates). Therefore, the Court will dismiss Defendants Brannon and Hamilton.

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. Instead, the most the Court can

do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has demonstrated some attempt to find counsel on his own. Nonetheless, Plaintiff's complaint clearly explains the basis for his claim against Defendant Wolfe. In addition, Plaintiff's claim of excessive force is not complex. Plaintiff will be able to obtain a copy of any relevant video and medical records during discovery. Finally, the Court will enter a Scheduling Order in this case after Defendant files his answer to the complaint. The order will provide information to assist a *pro se* litigant, and requires the exchange of initial, relevant discovery. Therefore, Plaintiff's motion is denied. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged Defendant Keith Wolfe used excessive force in violation of the Eighth Amendment on June 11, 2019. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent

pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3.  If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Christine Brannon and Robert Hamilton for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A;**

**2) Deny Plaintiff's motion for appointment of counsel, [5]; 3) Attempt service on Defendant Wolfe pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 18th day of June, 2020.

                             s/ James E. Shadid
                _____
                             JAMES E. SHADID
                    UNITED STATES DISTRICT JUDGE